

PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CERAMFAB, INC., *et al.*, ) | |
| ) | CASE NO. 4:23CV2206 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| NORFOLK SOUTHERN ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | **ORDER** |

Pending is the parties' Joint Status Report (ECF No. 35) that includes a request to amend the June 25, 2025 Case Management Plan (ECF No. 28 -1) to seek extensions of cutoff dates set forth therein. The proposed extension enlarges the fact discovery cutoff date by about three months and extends the cutoff dates that follow the completion of fact discovery by no more than approximately 60 days. For good cause shown, the request is granted.

1. Fact Discovery shall be completed on or before March 6, 2026.

(4:23CV2206)

(A) On or before April 6, 2026, the party that has the burden of proof on an issue(s) shall identify its retained expert witness(es) and provide opposing counsel with a written expert report(s)

(B) The party that has no burden of proof on an issue(s) shall identify its retained expert(s), if any, and submit an opposing written report(s) to opposing counsel on or before May 6, 2026.

(C) Rebuttal report(s), if any, that respond to any new information or issues raised by experts for the party that has no burden of proof on an issue(s) shall be submitted to opposing counsel on or before May 20, 2026.

A party may take a discovery deposition of its opponent's expert witness only after the exchange of reports has occurred. The discovery deposition of an opponent's expert witness shall be completed on or before August 6, 2026. If a party chooses not to use its own expert witness, it will be permitted to take the discovery deposition of its opponent's expert witness only after submitting a written statement advising the Court and opposing counsel to that effect.

A party may not call an expert witness to testify unless a written report prepared and signed by the witness has been procured and provided to opposing counsel. The report shall contain a complete statement of all opinions of the expert as to each issue on which she will testify and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the previous 10 years; the compensation to be paid for the study and testimony in the case; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition

(4:23CV2206)

within the preceding four years. An expert will not be permitted to testify or provide opinions on issues not raised in her report.

    2. A party shall file a motion(s) to strike report and/or exclude testimony of an expert witness, if any, on or before September 8, 2026. A Response shall be filed by September 21, 2026 and Reply by September 28, 2026. On or before September 21, 2026, the parties shall file a Joint Notice regarding the necessity of a *Daubert* hearing.

    3. Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel. Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal. The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

    The cutoff for filing dispositive motions is October 30, 2026. Responses shall be filed by November 30, 2026 (*See* LR 7.1(d)) and Replies by December 14, 2026 (*See* LR 7.1(e)).

    Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion. The stipulations shall be filed with the Court on or before October 30, 2026. If there are no stipulations, a joint notice stating same shall be filed by the same date. These are mandatory requirements.

    Unless modified herein, the Case Management Plan (ECF No. 28 -1) entered on June 25, 2025 remains in full effect.

    4. The undersigned encourages counsel in the above-entitled action to consider a global resolution where it can be achieved, including, but not limited to, the claims in the 10 cases

3

(4:23CV2206)

brought by Attorney Jon C. Conlin from Cory Watson.[1] On or before December 22, 2025, the parties shall file a Joint Status Report to inform the Court of the outcome of the private mediation. If the case at bar is not resolved at mediation, the Court will set a firm trial date and Final Pretrial Conference date.

    IT IS SO ORDERED.

|   September 17, 2025 |   /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[1] The present case and 4:25-cv-00165-PAG - *Huff et al. v. Norfolk Southern Corporation et al.*; 4:25-cv-00167-DCN - *Wells et al. v. Norfolk Southern Corporation et al.*; 4:25-cv-00169-JPC - *Kinder et al. v. Norfolk Southern Corporation et al.*; 4:25-cv-00171-DAP - *Unity Tube, Inc. v. Norfolk Southern Corporation et al.*; 4:25-cv-00178-PAG - *McKim's Honeyvine, LLC v. Norfolk Southern Corporation et al.*; 4:25-cv-00184-JPC - *New China Cafe v. Norfolk Southern Corporation et al.*; 4:25-cv-00187-DAR - *Reynolds et al. v. Norfolk Southern Corporation et al.*; 4:25-cv-00188-SO - *Buck Berry Farm, LLC v. Norfolk Southern Corporation, et al.*; and, 4:25-cv-00189-CAB - *Learning Tree Child Care Center, LLC v. Norfolk Southern Corporation, et al.*